# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HERMAN DEWAYNE CARGILL, III, ) ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | Case No. 2:17-CV-8035-SLB<br>Crim. Case No. 2:12-CR-0030-SLB-JEO |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Motion to Vacate], filed by petitioner Herman Dewayne Cargill, III. (Doc. 1; crim. doc. 33.)[1] Cargill has previously filed a § 2255 Motion to Vacate attacking his conviction and sentence; he does not have authorization from the Eleventh Circuit to file the instant Motion to Vacate. Therefore, the court is without jurisdiction. Cargill's Motion for Relief, (doc. 1; crim. doc. 33), will be denied and this case will be dismissed.

Section 2244(a) states, "No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has

---

[1] Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:12-CR-0030-SLB-JEO, appear as "(Crim. Doc. __)." Citations to page numbers refer to the page numbers assigned to each document by the court's CM/ECF electronic filing system.

been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."[2] 28 U.S.C. § 2244(a). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. (b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)(citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). "[Section] § 2244(a) applies to any petition for habeas relief attacking the legality of the same detention, and § 2244(b)(3) requires that the petitioner obtain permission from the court of appeals before filing any second or successive petition attacking the same detention." *McKinney v. Warden, FCC Coleman-Medium,* 870 F. Supp. 2d 1351, 1354

---

[2]Section 2255(h) states:

> A second or successive motion ***must*** be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(emphasis added).

(M.D. Fla. 2012)(citing *Darby v. Hawk-Sawyer*, 405 F.3d 942 (11th Cir.2005)), *aff'd*, 562 Fed. Appx. 917 (11th Cir. 2014).

Because Cargill has previously filed a § 2255 habeas petition that challenged his conviction and sentence, *see Cargill v. United States*, Case No. 2:13-CV-8032 (N.D. Ala.), he must have authorization from the Eleventh Circuit before filing another § 2255 Motion to Vacate. Although *Dean v. United States*, 137 S. Ct. 1170 (2017), cited by Cargill in his Motion to Vacate, (doc. 1 at 4; crim. doc. 33 at 4), may provide a basis for the Eleventh Circuit's grant of authorization to file a second or successive Motion to Vacate,[3] this decision does not excuse a petitioner from first seeking such authorization before filing a second or successive habeas application.

Congress did not define the phrase "second or successive motion" used in § 2255(h); however, the Supreme Court has "declined to interpret 'second or successive' as referring to **all** § 2254 [or § 2255] applications filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)(emphasis added); *see also Stewart v. United States*, 646 F.3d 856, 860 n.6 (11th Cir. 2011)("Because of the similarities between the provisions governing second or successive petitions under § 2254 and second or successive motions under § 2255, precedent interpreting one of these parallel restrictions is instructive for interpreting its counterpart."). The Eleventh Circuit has "recognized the existence of 'a small subset of unavailable claims that must not be categorized as successive,' but [Cargill's] claim

---

[3]*See* 28 U.S.C. § 2255(h)(2).

is not one of them."[4]  *Ellis v. United States*, 593 Fed. Appx. 894, 896-97 (11th Cir. 2014)(citing *Stewart*, 646 F.3d at 863 (11th Cir. 2011)(petition filed after state-court conviction used to enhance sentence was vacated was not successive)).

"To determine whether a prisoner's petition is second or successive, [the court] must look to whether the petitioner previously filed a federal habeas petition challenging the same **judgment**."[5]  *Rivera v. Sec'y, Florida Dep't of Corr.*, No. 15-15709, 2016 WL 6677629, *1 (11th Cir. Nov. 14, 2016)(citing *Insignares*, 755 F.3d at 1278)(emphasis added).  A habeas petitioner, challenging the same judgment as an earlier-filed petition that was decided on the merits, must receive authorization from the Eleventh Circuit before filing his second or successive habeas application for relief.  *Maxwell v. United States*, No. 3:09-CR-38-J-32MCR, 2016 WL 345519, *2 (M.D. Fla. Jan. 28, 2016)(citing *Burton v. Stewart*, 549 U.S. 147, 153 (2007), *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014), and *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)); *see also Garcia v. United States*, No. CR 04-147-CG-N, 2015 WL 5608247, *3 (S.D. Ala. Aug. 26, 2015)("To the extent the present motion is construed as an attack on [defendant's] underlying conviction and sentence,

---

[4] Among the "types of collateral challenges [that] do not render subsequent habeas petitions 'second or successive,'" are claims that are not ripe until after the first in time habeas petition is filed and § 2254 claims dismissed based on a failure to exhaust state remedies.  *See Bond v. Sec'y of Dep't of Corr.*, No. 5:13-CV-274-WS/EMT, 2014 WL 3819201, *3 n.2 (N.D. Fla. Aug. 4, 2014)(citing, *inter alia*, *Panetti*, 551 U.S. at 945; *Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000)).

[5] "[T]here is only one judgment, and it is comprised of both the sentence and the conviction." *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014).

4

that means he will have 'twice brought claims contesting the same custody imposed by the same judgment of [this C]ourt. As a result, under AEDPA, he [i]s required to receive authorization from the Court of Appeals before filing his second challenge.'" (quoting *Burton*, 549 U.S. at 153)), *report and recommendation adopted*, 2015 WL 5602446 (S.D. Ala. Sept. 21, 2015).

"***This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable***." *United States v. Mitchell*, No. 3:03CR57/LAC/CJK, 2015 WL 5635001, *2 (N.D. Fla. Aug. 20, 2015)(emphasis added), *report and recommendation adopted* 2015 WL 5674849 (N.D. Fla. Sept. 22, 2015).

Because Cargill has not been granted authorization to file a second or successive petition, the court is without jurisdiction and his Motion to Vacate will be denied. An Order denying the Motion to Vacate and dismissing this case will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

The court lacks jurisdiction to entertain Cargill's second habeas petition without authorization from the Eleventh Circuit Court of Appeals. Reasonable jurists could not disagree. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 11th day of August, 2017.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE